# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHEVY CHASE BANK, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:09CV2023 DDN |
| MARY REYES, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER OF REMAND

This matter is before the Court on defendant Clinton Watson's pro se removal of this action from state court pursuant to 28 U.S.C. § 1443. Upon consideration of the notice of removal and the exhibits attached thereto, the Court has determined that the case should be remanded to the Circuit Court for St. Louis County for want of federal jurisdiction.

Plaintiff Chevy Chase Bank filed this quiet title action on October 3, 2008, against defendants Mary Reyes, Clinton Watson, George and Mary Watson Trust,[1] and Unknown Heirs, Grantees, or Successors of Mary Watson in the Circuit Court for St. Louis County. The petition alleged that Mary Reyes and Mary Watson, both single people, acquired title to real property in St. Louis by General Warranty Deed on

---

[1]Clinton Watson is the trustee of the George and Mary Watson Trust.

October 8, 2002. The petition further alleged that Mary Reyes and Clinton Watson executed a Deed of Trust on the property for the benefit of Chevy Chase Bank. The petition further alleged that, due to a scrivener's error, the Deed of Trust mistakenly identified Mary Reyes and Clinton Watson as "Borrower" and "Grantor." The petition further alleged that the Deed of Trust was meant to have identified Mary Reyes and Mary Watson as "Grantors" and "Borrowers." The petition sought to reform the trust, to quiet title, and to secure a declaratory judgment in the Circuit Court.

Defendant Clinton Watson filed an answer to the petition on November 13, 2008, and he filed a counterclaim petition on March 26, 2009. The other defendants failed to answer, and the court entered default judgment against all defendants except Clinton Watson. On November 4, 2009, Chevy Chase Bank filed a motion for summary judgment. The court set a hearing on the motion for December 22, 2009, and Watson filed an objection to the hearing. Watson filed his notice of removal in this Court on December 9, 2009.

In his notice of removal, defendant Watson maintains that he is removing this action from state court pursuant to 28 U.S.C. § 1443 because the state court has deprived him of his right to due process of law. Watson claims that the court's willingness to hear the motion for summary judgment demonstrates its willingness to enter judgment without allowing him time for discovery or for a trial. Watson also says

that the motion for summary judgment contains new claims against him, which he has not been allowed to answer. Watson believes these actions of the state court are violative of his right to due process.

Title 28 U.S.C. § 1443 states:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

To demonstrate that removal is proper under § 1443(1), a defendant "must show that he relies upon a law providing for equal civil rights stated in terms of racial equality." Neal v. Wilson, 112 F.3d 351, 355 (8th Cir. 1997). "'Removal is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts.'" Id. (quoting Georgia v. Rachel, 384 U.S. 780, 800 (1966)). Removal is not warranted if a defendant's claim is that the state courts do not respect and will not enforce his federal rights. Id.

Removal under § 1443(2) is "available only to federal officers and to persons assisting such officers in the performance of their official duties." Greenwood v. Peacock, 384 U.S. 808, 815 (1966).

Defendant Watson has not met the stringent requirements of § 1443. He has not shown that he relies on a law providing for equal civil rights stated in terms of racial equality. Nor has he shown that there is a state law preventing him from raising his federal claims in state court. Watson's only course of action for challenging the state court's enforcement of his federal rights is to seek review in the United States Supreme Court. Neal, 112 F.3d at 355.

Title 28 U.S.C. § 1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Generally, jurisdiction of a case must be conferred by plaintiff's complaint. See, e.g., Gore v. Trans World Airlines, 210 F.3d 944, 948 (8th Cir. 2000). However, the district courts also have jurisdiction over cases properly removed under § 1443. See Denson v. Williams, 341 F. Supp. 180, 182 (D.C. Tex. 1972).

As the Court has already shown, this action is not removable under § 1443. Therefore, this Court only has jurisdiction over this action if it is conferred by plaintiff's complaint. The underlying complaint in this matter does not arise under any federal law. And defendant Watson's notice of removal specifically states that "[diversity

jurisdiction] is not the grounds for this removal."  As a result, the Court finds that Watson has not demonstrated that the Court has subject matter jurisdiction over this removal, and the Court will remand this action to the state court.

In the alternative, Watson filed his notice of removal along with a motion to proceed in forma pauperis.  Title 28 U.S.C. § 1915(e) mandates that the Court must dismiss an action filed in forma pauperis if it is frivolous or malicious.  For the reasons stated above, the Court finds that the arguments raised in the notice of removal are legally frivolous.  Consequently, this action should also be remanded as frivolously removed, pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that defendant Watson's motion to proceed in forma pauperis [#2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Circuit Court for St. Louis County.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a certified copy of this Order to the clerk of the state court, with citation to Chevy Chase Bank v. Mary E. Reyes, et al., Case No. 08SL-CC04290.

**IT IS HEREBY CERTIFIED** that an appeal from this Order would not be taken in good faith.  28 U.S.C. § 1915(a)(3).

Dated this 14th day of December, 2009.

           /s/ Jean C. Hamilton
           JEAN C. HAMILTON
           UNITED STATES DISTRICT JUDGE