# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CHEVY CHASE BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09CV2023 DDN |
| | ) | |
| MARY REYES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Clinton Watson's motion for reconsideration of the Court's sua sponte remand of this action on December 14, 2009. The motion will be denied.

Plaintiff Chevy Chase Bank filed this quiet title action in state court on October 3, 2008. Defendant Clinton Watson filed an answer to the petition on November 13, 2008, and he filed a counterclaim petition on March 26, 2009. The other defendants failed to answer, and the court entered default judgment against all defendants except Clinton Watson. On November 4, 2009, Chevy Chase Bank filed a motion for summary judgment. The court set a hearing on the motion for December 22, 2009, and Watson filed an objection to the hearing. Watson filed his notice of removal in this Court on December 9, 2009; Watson removed the action pursuant to 28 U.S.C. § 1443

– civil rights cases. Watson filed this action in forma pauperis pursuant to 28 U.S.C. § 1915.

On December 14, 2009, the Court reviewed this action for subject matter jurisdiction and pursuant to 28 U.S.C. § 1915(e). The Court determined that subject matter jurisdiction was lacking because the complaint did not invoke diversity jurisdiction and because the complaint was not properly removed pursuant to 28 U.S.C. § 1443. The Court additionally determined that the removal was legally frivolous under 28 U.S.C. § 1915(e). For each of these reasons, the Court sua sponte remanded this action to state court.

On the same day that the Court sua sponte reviewed this case, plaintiff filed a motion to remand. In its motion, plaintiff argued that the case must be remanded because Watson's notice of removal was untimely in that it failed to comply with the thirty-day deadline set forth in 28 U.S.C. § 1446. Indeed, Watson failed to file his notice of removal until more than one year after the deadline had passed. Plaintiff further argued that Watson failed to show that his due process rights were being violated in state court and that Watson failed to invoke this Court's subject matter jurisdiction.

Watson now moves for reconsideration of the Court's sua sponte remand of this action. Watson first argues that diversity jurisdiction existed when he remanded the

action. Watson further argues that the case qualified for removal under 28 U.S.C. § 1443(1). Watson believes it was an error for this Court to sua sponte remand this case. Watson's motion, however, fails to address the Court's review of this action under 28 U.S.C. § 1915(e).

The Court has carefully reviewed the motion for reconsideration and the case file and finds that reconsideration of the Court's previous decision is unwarranted. First, Watson stated in his notice of removal that he was not invoking diversity jurisdiction; therefore he waved his right to invoke diversity jurisdiction in his motion for reconsideration. Second, as stated in the Court's previous Order, the basis for removal of this action was legally frivolous; because Watson commenced this action[1] pursuant to 28 U.S.C. § 1915, the action was subject to sua sponte dismissal under 28 U.S.C. § 1915(e). Finally, the reasons stated in plaintiff's motion to remand are also a correct and independent basis for remanding this action to state court; thus, granting Watson's motion for reconsideration would be futile because the case would be subject to remand for all of these reasons as well. For each of these reasons independently, the motion for reconsideration will be denied.

Accordingly,

---

[1] See 28 U.S.C. § 1914 (an action is instituted in federal court "by original process, removal or otherwise").

**IT IS HEREBY ORDERED** that Watson's motion for reconsideration [#15] is **DENIED**.

**IT IS HEREBY CERTIFIED** that an appeal from this Order would not be taken in good faith.

Dated this 11th day of January, 2010.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE